# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. PEAVY,<br><br>                    Plaintiff,<br>    vs.<br><br>DOCTOR CAIN, et al.,<br><br>                    Defendant. | CASE NO. 11cv1434-LAB (WVG)<br><br>**ORDER DISMISSING COMPLAINT** |

Plaintiff Gary Peavy, formerly a prisoner in state custody, filed his complaint bringing claims pursuant to 42 U.S.C. § 1983 against seventeen Defendants. On December 8, the Court granted him leave to proceed *in forma pauperis* but denied him appointed counsel. In that same order, the Court noted its responsibility to screen the complaint, then conducted the mandatory screening and dismissed the complaint with leave to amend. The order pointed out in detail the defects in the complaint.

Peavy has now filed his amended complaint, which the Court is again required to screen and to dismiss, to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Because Peavy is proceeding *pro se*, the Court construes his pleadings liberally, *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), but even a liberal construction does not supply elements Peavy has not pleaded. *See Ivey v. Board of*

*Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The body of the complaint requests permission to amend the complaint yet again to correct defects (Am. Compl., ¶ 3) but doesn't say what the defects are or how Peavy would like to amend it. If Peavy knew what the defects were and how they could have been corrected, he should have simply corrected them in his amended complaint. If he didn't know, and needed more information or time to find it, he should have requested that. He has, however, specified that he wants to drop his claims against Defendants Cain, Seriano, Garcia, Webb, Arbini, Rathwick, Gillem, Hawkins, and "Assignment Lt. John Doe." (*Id.*)

Peavy brings this action against prison officials pursuant to 42 U.S.C. § 1983.  He argues he was improperly convicted of a rules violation in connection with the use of a medical card that prison officials said was expired.  He argues he was wrongly removed from a substance abuse program as a result.  He also argues he was denied medical care.  The amended complaint doesn't say what relief he is seeking, but it appears he is seeking damages. Any claim for prospective injunctive relief has become moot, because Peavy is no longer incarcerated.

The first obstacle Peavy faces is that he admits he didn't exhaust his administrative appeals.  He says he didn't do this because of "CMC and CDC negligence[ ] or bad faith" in responding to his grievances. He doesn't say what he means by this.  As discussed below, he admits he voluntarily abandoned his appeal of the rules violation because the relief he wanted was, or soon would be, unavailable. He doesn't say whether he separately appealed the denial of medical care.  But the Court need not give him an opportunity to amend to explain further, because it is clear his complaint must be dismissed.

As the Court explained in its earlier order, to recover for an Eighth Amendment violation based on withholding of medical care, Peavy must both allege and prove each Defendant from whom he seeks relief were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish deliberate indifference, the prison official must know of, and disregard, an excessive risk to the patient's health and safety. *Toguchi v. Chung*, 391 F.3d 1051, 1057–1058 (9th Cir. 2004). The prison official must not

only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, but actually draw the inference. *Id*. A plaintiff must also show that the deliberate indifference resulted in harm. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (citing *Shapley v. Nevada Board of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985) (per curiam)).

As before, the complaint doesn't allege what the medical condition was, whether it was serious, whether any of the Defendants knew it was serious, whether any of the Defendants knew medical care should have been given instead of withheld or delayed, or what harm (if any) resulted. The original complaint made clear Peavy was able to walk to various places in the prison, and that he asked several officials to give him a sick pass. One request was made after he arrived at a substance abuse class. The officials, believing he was malingering, ultimately refused. The amended complaint adds no factual allegations. Rather, it omits them, merely saying officials refused to let him go to sick call. As before, Peavy has not alleged facts showing they knew he was genuinely seriously ill and in need of immediate medical care, or that any harm resulted.

The amended complaint also alleges that Peavy was unjustly found guilty of a rules violation. This violated his rights, he argues, because the state procedure for calling and sequestering witnesses was not followed and he could not put on the evidence he wanted to. As explained in the original complaint, the accusation was that Peavy showed an expired medical activity card in order to avoid his work assignment, and as a result he was removed from the substance abuse program. In the amended complaint, he argues everyone knew the accusation was false but went along with it. The amended complaint explains that Peavy decided the appeal would be fruitless and he could not get the relief he needed, in spite of the advice of a prison official that he continue to appeal. (Am. Compl., ¶ 16.)

Before appealing a rules violation decision, Peavy was required to exhaust his administrative remedies. *See Nichols v. Logan*, 355 F. Supp. 2d 1155, 1161–64 (S.D.Cal., 2004). There is no exception to this requirement. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). The amended complaint says Peavy filed one appeal but decided he could

not obtain the relief he needed by pursuing the appeal, because he was seeking to be released to a substance abuse program and the interview date for that program was approaching. (Am. Compl., ¶ 16.) He alleges he continued by filing a second appeal, citing Exhibits D and E, which he has attached to the complaint. Exhibit D is a declaration dated September 4, 2009. Exhibit E is a copy of two cards: a special pass for sick call dated July 7, 2009 and a medical activity card valid from May 28, 2090 to June 1, 2009. No record of any appeals is attached, nor do any allegations or documentary evidence suggest the rules violation was appealed to the final, or Director's level before filing suit. *See Porter v. Neotti*, 2011 WL 6328391, slip op. at *2 (S.D.Cal., Dec. 15, 2011) (noting four levels of appeals, and holding that a final decision from the Director's level of review satisfies the exhaustion requirement).

The conclusion that Peavy did not complete the appeals process is confirmed by ¶ 3 of the amended complaint, in which Peavy identifies two formal appeals he filed, then says he has filed a "late claim" and is still awaiting their decision.

Even assuming Peavy had exhausted his claims concerning the rules violation, the allegations and the documents he attached to his amended complaint render his claim of unfair conviction implausible. The nature of the charges and hearing are described in the original complaint, as well as in the amended complaint at ¶¶ 4 and 8. He charges one officer with falsely testifying that his (Peavy's) name had been on a list to pick up medicine at 12:30 p.m., when in fact there was no such list. Peavy also alleges he wasn't allowed to call a witness or put on evidence to show that the list didn't exist. Even if true, this is only tangential. According to the allegations in both the original and amended complaints, the charge was that Peavy showed the officer an expired medical card to get out of a work assignment.

Peavy claims he was charged on July 16, 2009 with showing the expired card in order to avoid a work assignment. (Am. Compl., ¶ 4.) Even if the witness misstated the pickup time on the list, or whether Peavy's name was on a list at all, it wouldn't have any significant bearing on whether Peavy did or didn't show the expired card to get out of work duty. Even

accepting as true the allegation that officials deemed evidence about the list irrelevant and didn't permit Peavy to put it on, this doesn't render the hearing so fundamentally unfair as to violate due process. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (exclusion of evidence does not violate Sixth Amendment unless the excluded evidence is material); *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (holding that, among other things, a due process claim based on allegedly false evidence requires that the evidence be material).

Finally, the Court notes that Peavy's claim, if accepted, would necessarily imply the invalidity of his conviction, because it is based on the allegation that the principal witness against him falsely testified Peavy showed him the expired card. The card, attached as Exhibit E, expired on June 1, 2009, so if the witness testified truthfully that Peavy showed it to him in July, Peavy was guilty. Accepting as true Peavy's representation that he filed a late claim, which is still pending, his claim has not yet accrued, but is barred by the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Roman v. Knowles*, 2011 WL 3741012, slip op. at *11 (S.D.Cal., June 20, 2011) (applying this rule in the context of a prison disciplinary hearing).

The final paragraph of the amended complaint also alleges a prison counselor threatened to put Peavy in segregated confinement in retaliation for filing his appeal. (Am. Compl., ¶ 18.) This falls far short of the standard for retaliation claims. *See Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam) (explaining standard).

The amended complaint also includes a worker's compensation claim; Peavy alleges he was disabled from November 12, 2008 through August 1, 2011 because of prison staff's negligence. (Am. Compl., ¶ 2.) Even assuming Peavycould sue prison officials under worker's compensation laws for such an injury, the Court would lack jurisdiction over this claim.

/ / /

/ / /

/ / /

/ / /

Peavy has been given an opportunity to amend and it is now clear he cannot successfully do so. For these reasons, the amended complaint is **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

DATED: January 19, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge