# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. PEAVY,<br><br>    vs.    Plaintiff,<br><br>DOCTOR CAIN, et al.,<br><br>    Defendant. | CASE NO. 11cv1434-LAB (WVG)<br><br>**ORDER IN RESPONSE TO COURT OF APPEALS' REFERRAL** |

On June 29, Plaintiff Gary Peavy, a former prisoner who was held in state custody, filed his civil rights complaint along with a motion to proceed *in forma pauperis* (IFP). The Court granted him leave to proceed IFP, screened his complaint, and dismissed it. The order discussed the deficiencies in the complaint and gave Peavy leave to amend. When Peavy filed his amended complaint, the Court again screened and dismissed it, this time without leave to amend. Peavy then filed a notice of appeal. On January 31, the Ninth Circuit referred to this Court the issue of whether the appeal was taken in good faith. For reasons discussed below, the Court determines it was not.

Peavy's amended complaint brought two principal but related claims. First, Peavy argues his Eighth Amendment rights were violated when prison officials refused to treat his serious medical condition. As pointed out in the first screening order, Peavy never alleged what his condition was, never alleged whether it was serious, never alleged whether any

officer knew it was serious (or any facts that would support such an inference), and never alleged any harm resulting from it. The only alleged indicator of his needing medical care was that he told officers he wanted to go to sick call The officers all either sent him to ask a different officer, or denied permission because they believed he was malingering to get out of attending a substance abuse class. Under *Estelle v. Gamble*, 429 U.S. 97 (1976) and its progeny, this claim must be dismissed. Although Peavy was warned about these defects, his amended complaint did not allege any additional facts.

The second claim is an attempted appeal of a conviction for a rules violation. Peavy was accused of showing an expired medical card to an officer, in order to get out of a work assignment. (Peavy attached the card to his amended complaint, and it had been expired for over a month on the date he was accused of showing it to the officer.) Peavy now claims some of his proffered evidence was improperly excluded, a state procedural rule requiring witnesses to be held in a soundproof room was violated, a few other state procedural rules also weren't followed, the principal witness against him fabricated the charges, and everyone knew that the witness's testimony was a lie. He says this prevented him from getting an earlier release date. Peavy admits he never exhausted this claims, and abandoned his appeal before it reached the final level of review, *i.e.*, the Director's level, because he thought it would take too long.[1] After the failure to exhaust was pointed out to him in the first screening order, Peavy says he filed a late appeal, and in his latest filing says the appeal is now pending.

At his prison disciplinary hearing, Peavy's proffered evidence was excluded as irrelevant. As the second screening order pointed out, the evidence Peavy was tangential. It pertained to whether the principal witness saw Peavy's name on a list to pick up medicine,

---

[1] Peavy alleged that he had made an appointment to interview (while still in prison) to be interviewed for release to a substance abuse treatment house. (Am. Compl., ¶ 16.) Peavy thought that if his scheduled release date were pushed back because of the conviction, he would be ineligible for this program. (*Id.*) As the interview date (but not his new release date) approached and his appeal had not yet been decided, Peavy decided to abandon his appeal. (*Id.*) Peavy also alleges that an officer suggested he continued to appeal. (*Id.*) It is therefore clear that, although he was still in custody and still had appeals procedures open to him, he voluntarily abandoned his appeals.

or lied about seeing it on the list. It didn't directly bear on the charged conduct, *i.e.*, whether Peavy did or didn't show the officer the expired card.[2] If the evidence was relevant or material for some reason, Peavy never explained what. Impeachment on a collateral matter, which is all Peavy has alleged, is routinely excluded in federal courts, and the exclusion doesn't violate due process. *See, e.g., United States v. Nace*, 561 F.2d 763, 770 (9th Cir. 1977). Peavy's other arguments about whether state law procedures were properly followed don't give rise to a federal claim. Except for the charge of the knowing use of perjured testimony, none of Peavy's grievances about how the proceedings were handled, either individually or in aggregate, would render the proceeding so fundamentally unfair as to violate due process.

The order also found Peavy's claim was barred by the "favorable termination rule" of *Heck v. Humphrey*, 512 U.S. 477 (1977). Peavy's claim that he was convicted based on testimony everyone knew was perjured, if successful, would imply the invalidity of his conviction. The rule would apply to the prison disciplinary proceeding at issue here, because Peavy claims the conviction caused him to be confined longer than he would have been otherwise. *See Edwards v. Balisok*, 520 U.S. 641, 643–44 (1997) (plaintiff's § 1983 claim based on prison disciplinary conviction allegedly in violation of due process was subject to *Heck* bar); *Nonnette v. Small*, 316 F.3d 872, 878 (9th Cir. 2002) (prison disciplinary sanctions that affect the fact or length of a prisoner's confinement may be subject to *Heck* bar). Because Peavy has already been released, any equitable claims have become moot and he can only seek damages. But *Heck* still bars his claims, regardless of the type of relief sought. *See Edwards* at 648 (holding claim for declaratory relief and money damages that,

/ / /

---

[2] None of the pleadings show any connection between the medical list and the use of the expired card, or Peavy's attempt to avoid a work assignment. Peavy's theory of admissibility, as detailed in one of his appeals, is that the officer who testified Peavy showed him the expired card also testified he saw a list of inmates scheduled to pick up medication at 12:30 p.m. (Am. Compl., Ex. A, ¶ 3 ("Officer Garza allege to have seen this expir[ed] medical card and list of inmate[s] that pick-u[p] medication at 12:30 pm.").) Peavy's theory is that, if the officer lied about the medical list, he also lied about Peavy presenting him with the card. (*Id.*, ¶4 ("Because Officer Mark Garza isn't a good lier.[ ] The[re] is no medical list for afternoon pick-up.").) Beyond this, he hasn't developed this claim.

1  if successful would imply the invalidity of the punishment imposed, was not cognizable under
2  § 1983).

3    There are some exceptions to this rule, where despite a plaintiff's diligence, relief that
4  would invalidate the conviction is unavailable to him. *See Nonnette*, 316 F.3d at 877. But
5  these exceptions don't apply here. Accepting Peavy's representations as true, he is either
6  too early, or too late. If his "late appeal" is denied as untimely, he cannot show that denial
7  occurred in spite of his diligence. His admission that he abandoned his appeals prevents
8  that. *See Cunningham v. Gates*, 312 F.3d 1148, 11543 n.3 (9th Cir. 2002) (§ 1983 claim
9  brought by plaintiff whose remedies became unavailable because he failed to timely pursue
10 them was *Heck*-barred). On the other hand, if his "late appeal" is not time-barred, his claim
11 is unripe. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (*Heck*-barred
12 action does not accrue until favorable termination).

13   Although the second screening order cited non-exhaustion of administrative remedies
14 as a basis for dismissal, the Court now reconsiders that analysis. Because Peavy filed suit
15 after being released from prison, the exhaustion requirement of 42 U.S.C. § 1997e is
16 inapplicable. *See Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009). He would,
17 however, be required to exhaust any claims subject to the California Tort Claims Act's
18 exhaustion requirement.

19   The amended complaint added a new claim for retaliation, alleging a prison counselor
20 threatened to put Peavy in segregated confinement for filing his appeal. But such an
21 incident does not give rise to a retaliation claim. *See Barnett v. Centoni*, 31 F.3d 813,
22 815–16 (9th Cir. 1994) (per curiam) (explaining standard). Peavy also attempted to raise a
23 worker's compensation claim against the state, but even if that claim were not already
24 pending before a state court, both this Court and the court of appeals would lack jurisdiction
25 over it.

26 / / /
27 / / /
28 / / /

The Court therefore concludes that this appeal would not be taken in good faith. Pursuant to the order of referral, 28 U.S.C. § 1915(a)(3), and the holding of *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002), Peavy's IFP status is **REVOKED**.

**IT IS SO ORDERED**.

DATED: February 2, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge